IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA                    Case No. 3:99-cr-00392-MA

        Plaintiff,                       OPINION AND ORDER

  v.

GREGORY JAY RAMBO

        Defendant.

S. AMANDA MARSHALL
United States Attorney
District of Oregon
FREDRIC N. WEINHOUSE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for United States of America

GREGORY JAY RAMBO
Reg. No. 64145-065
USP Big Sandy
U.S. Penitentiary
P.O. Box 2068
Inez, KY 41224

    *Pro Se* Defendant

1 - OPINION AND ORDER

MARSH, Judge

Defendant, an inmate at United States Penitentiary Big Sandy in Inez, Kentucky, moves this court for a *nunc pro tunc* recommendation designating the Multnomah County Jail "as the facility he began service of his federal sentence." Defendant contends that "[a]bsent the requested recommendation, [he] will be forced to serve an additional (and unintended) seven years imprisonment."

Because defendant is appearing *pro se*, I liberally construe the motion as a habeas corpus petition under 28 U.S.C. § 2241. For the reasons set forth below, defendant's motion is denied, without prejudice.

## BACKGROUND

The proper resolution of defendant's motion requires an understanding of defendant's state and federal prosecutions. On August 18, 1999, defendant was arrested and placed into state custody. Defendant subsequently was indicted in federal court on two counts of bank robbery, and in two state court proceedings on charges of robbery, burglary, escape, criminal trespass, and felon in possession of a firearm. See Indictment (#12); Rambo v. Hall, 3:05-cv-01518-KI, Opinion and Order (#41) at 2.

On October 5, 1999, defendant appeared before this court on a writ of habeas corpus *ad prosequendum*, and pled guilty to one count of bank robbery. Minutes of Proceeding (#21). On January 5, 2000,

2 - OPINION AND ORDER

I sentenced defendant to a prison term of 151 months, with three years supervised release. Judgment and Commitment (#31).

On March 27, 2000, defendant pled guilty and no contest to the state charges, and received a total sentence of 228 months incarceration, to run concurrently with his federal sentence. Rambo v. Hall, 3:05-cv-01518-KI, Opinion and Order (#41) at 2; Pet.'s Memo. (#33) at 6; Pet.'s Reply (#53) at Exh. B2. Defendant subsequently began service of his state sentence.

In 2002, while serving his state sentence, defendant filed a state petition for post-conviction relief arguing, *inter alia*, that his state plea was involuntary because he had not understood the concept of "primary jurisdiction," under which his state sentences would be served consecutively to, rather than concurrently with, his federal sentence. Rambo v. Hall, 3:05-cv-01518-KI, Pet.'s Memo. (#33) at 7. On June 28, 2002, Oregon Circuit Court Judge Joseph V. Ochoa granted post-conviction relief, concluding that because the Bureau of Prisons (BOP) refused to commence defendant's federal sentence while he was in state custody, defendant had not received the benefit of his negotiated bargain. Judge Ochoa ordered relief as follows:

> Defendant [Superintendent] is willing to agree to relinquish Oregon's priority of jurisdiction in order to achieve the intent of defendant's plea agreement. * * * Defendant believes that an order from this court should suffice to transfer priority of jurisdiction to the Federal Bureau of Prisons. This should accomplish the trial court's intended goal of having defendant's state

3 - OPINION AND ORDER

> sentence run concurrently to defendant's federal sentence. In the alternative, if an order waiving priority of jurisdiction will not accomplish this, the defendant's state sentence shall be vacated, he shall be released to federal custody, and his state cases shall be remanded to the state trial court for re-sentencing in conformance with the plea agreement for concurrent state and federal time.

Govt.'s Reply (#48), Ex.1 at 6. The Oregon Court of Appeals affirmed, without opinion, and the Oregon Supreme Court denied review. Rambo v. Czerniak, 198 Or. App. 534, 109 P.3d 803, rev. denied, 339 Or. 66 (2005).

In November 2007, defendant was re-sentenced on the state charges to concurrent terms of 30, 70, and 90 months incarceration, which defendant and the government agree was intended to accomplish the negotiated concurrency of the state and federal sentences, for an approximate term of 228 months.

On or about July 9, 2008, defendant began serving his federal sentence. Judgment & Commitment (#41). Defendant currently has a projected release date of May 20, 2018.

## DISCUSSION

An action to challenge the execution of a sentence is properly brought pursuant to 28 U.S.C. § 2241. Defendant asks this court to designate the Multnomah County Jail as the facility in which he began serving his federal sentence. Pet.'s Motion (#43) at 2. Similarly, defendant claims that the BOP wrongfully failed to credit the time spent in state custody toward his federal sentence.

4 - OPINION AND ORDER

Id. at 4. Both claims are properly brought under § 2241. See, e.g., Setser v. United States, 132 S.Ct. 1463, 1473 (2012); Reynolds v. Thomas, 603 F.3d 1144, 1148-52 (9th Cir. 2010); Taylor v. Sawyer, 284 F.3d 1143, 1147-49 (9th Cir. 2002).[1]

Generally, a § 2241 petition must be filed in the district court for the district in which the prisoner is in custody. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Jurisdiction to hear a § 2241 claim, then, only lies in the district of confinement. Rumsfeld, 542 U.S. at 443. Because defendant is incarcerated in eastern Kentucky, this court does not have jurisdiction to hear defendant's claim insofar as it is construed as a petition under § 2241.

Where the court lacks jurisdiction to hear a civil claim, in this case a § 2241 petition, the court shall transfer such claim to the proper court if doing so is in the interest of justice. 28

---

[1] The government urged the court to consider defendant's motion as brought pursuant to 28 U.S.C. § 2255. The motion is appropriately styled as a § 2241 petition because it challenges the BOP's alleged failure to properly credit the time served on the state charges. See Setser, 132 S.Ct. at 1473. Even if the motion was properly brought pursuant to § 2255, the claim would be barred by the one-year statute of limitations in §2255(f). At the latest, defendant could have discovered that he had not received federal credit for the time served on the state charges when he began his federal sentence on July 9, 2008. Defendant waited almost four years to file the instant motion. Equitable tolling of the statute of limitations would be inappropriate in this case. See United States v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011).

U.S.C. § 1631. The interest of justice does not warrant the transfer of this matter to the Eastern District of Kentucky because it does not appear from the face of the petition that defendant has exhausted his administrative remedies, nor has defendant made a colorable claim that he is incarcerated in violation of the laws of the United States. See Trejo-Mejia v. Holder, 593 F.3d 913, 915 (9th Cir. 2010); Clark v. Busey, 959 F.2d 808, 814 (9th Cir. 1992).

The decision to make a *nunc pro tunc* designation of the Multnomah County Jail as the facility in which defendant's federal sentence began is within the discretion of the BOP. Setser, 132 S.Ct. at 1473; Taylor, 284 F.3d at 1147-49; Perez v. Hogsten, 2012 WL 359557 (E.D. Ky. Feb. 2, 2012). While defendant states that the BOP has refused to credit him for the seven years he awaited final sentencing in state court, he does not allege the exhaustion of his available administrative remedies, as required under most circumstances to maintain a § 2241 claim. See Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991); Fazzini v. Northeast Ohio Correctional Center, 473 F.3d 229, 231 (6th Cir. 2006).

Moreover, it is worthy of note that it appears from the record that defendant received the full benefit of his state plea agreement by virtue of the state court's reduction of his state sentence to 90 months in November, 2007. As outlined above, pursuant to the plea agreement, defendant was originally sentenced to 228 months on the state charges and 151 months on the federal

6 - OPINION AND ORDER

charges. Had those sentences been served concurrently - as was the intent of the parties to the plea agreement - defendant would have served the entire 228 months required under the state sentence. Defendant's current projected release date is consistent with that result.

Additionally, defendant is not entitled to credit on his federal sentence for the time served on state charges. Where multiple terms of imprisonment are imposed at different times, the terms will run consecutively unless the court orders them to run concurrently. 18 U.S.C. § 3584(a). The BOP does not have any obligation to implement any state court's order of concurrence. Reynolds, 603 F.3d at 1151 (citing Taylor, 284 F.3d at 1149-50); Perez, 2012 WL 359557 at *5.

## CONCLUSION

Based on the foregoing, defendant's Motion *Nunc Pro Tunc* Recommendation (#43) is DENIED, without prejudice, for lack of jurisdiction.

IT IS SO ORDERED.

DATED this __7__ day of November, 2012.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

7 - OPINION AND ORDER